FILED
SUPERIOR COURT
OF GUAM

2020 OCT -8 PM 1: 22

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

RITA B. CARBULLIDO AS SPECIAL ADMINISTRATRIX FOR THE ESTATE OF JOHN T. BLAS, DECEASED.

Plaintiff,

vs.

ANN A. KRUSEE,

Defendant.

CIVIL CASE NO.: CV0108-19

**DECISION AND ORDER**
Re: Defendant's Motion for Partial Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on July 13, 2020, upon Defendant's Motion for Partial Summary Judgment. Plaintiff, Rita B. Carbullido as Special Administratrix for the Estate of John T. Blas ("The Estate"), is represented by Attorney Anthony R. Camacho, Esq. The Defendant, Ann A. Krusee ("Krusee"), is represented by Attorney Gary W.F. Gumataotao. For the reasons set forth below, having reviewed the moving papers and the arguments therein, the Court **DENIES** the Defendant's Motion for Partial Summary Judgment.

## BACKGROUND

Krusee and Plaintiff, John T. Blas, purchased a condominium, Dai Ichi Unit No. A-21, on February 28, 2017. According to the Estate, they "entered into an agreement

CV0108-19, Carbullido v. Krusee
Decision and Order (Motion for Partial Summary Judgment).

Page 1 of 4

whereby . . . . John T. Blas provided . . . . Ann A. Krusee monetary funds," to be used to renovate and repair the condominium unit. (Compl. at 2, January 29, 2019). John T. Blas died November 13, 2017. *Id.* Krusee allegedly only used a small amount of the $46,910 given to her by John T. Blas, for repairs and renovations in violation of their alleged agreement. *Id.* The Estate, in response, filed a complaint claiming breach of contract, unjust enrichment, and fraud. (Compl., Jan. 29, 2020). Krusee filed a Motion for Partial Summary Judgment on July 13, 2020, claiming that the condominium was owned as Joint Tenants with Right of Survivorship, and therefore, after the death of John T. Blas, Krusee became the sole owner. (Mot. for Partial Summary Judgment at 1, 2, July 13, 2020). Krusee seeks partial summary judgment on this legal issue. (Mot. For Partial Summary Judgment at 2, July 13, 2020). The Estate argues that John T. Blas conveyed his interest in the condominium to Rita B. Carbullido, thus severing his Joint Tenancy and creating a Tenancy in Common between Krusee and Rita Carbullido. (Opp. To Mot. for Partial Summary Judgment, August 10, 2020.). The Court held a hearing on September 22, 2020 and subsequently took this matter under advisement.

## DISCUSSION

### A. Summary Judgment Standard

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that, taken in the light most favorable to the non-movant, the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). See <u>Izuka Corp. v. Kawasho International, (Guam), Inc.,</u> 1997 Guam 19 ¶ 7, 8. A genuine issue of material fact exists "if there is 'sufficient evidence' which established a factual dispute requiring resolution by the fact-finder." *Fajardo ex rel. Fajardo v. Liberty House Guam* 2000 Guam 4 ¶ 5 (*quoting Izuka Corp.,* 1997 Guam 19 ¶ 7.). A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of a suit." *Id.*

CV0108-19, Carbullido v. Krusee
Decision and Order (Motion for Partial Summary Judgment).

Page **2** of **4**

A court must draw inferences and view the evidence in the light most favorable to the nonmoving party. See Edwards v. Pacific Financial Corp., 2000 Guam 27 ¶ 7. See also Castro v. Peck, dba B.B.H.S. Contracting and Standard Plytrade Corp., 1998 Guam 10, ¶ 7. "If the movant can demonstrate that there are no issues of material fact, the non-movant cannot merely rely on allegations . . . . but must produce probative evidence." Edwards, 2000 Guam 27 ¶ 7. Thus, the court's "ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." Izuka, 1997 Guam 10 ¶ 8.

Here, Krusee made an initial showing that there was no issues of material fact as she provided a warranty deed, which stated the grantor will "convey . . . . in fee simple, as joint tenants with rights of survivorship." (Mot. for Partial Summary Judgment, Ex. A., July 13, 2020). Therefore, the Estate could not rely on mere allegations to rebut this evidence but needed to produce probative counter evidence to prevail.

**B. Evidence Allowed for Motion of Summary Judgment**

In response, the Estate provided a life estate deed conveying John T. Blas' interest in the condominium. (Aff. of Rita B. Carbullido, Ex. 5, August 10, 2020). "Rule 56(e) permits a proper summary judgment motion to be opposed by any kinds of evidentiary materials listed in Rule 56(c)." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Rule 56(c) lists several acceptable forms of evidentiary material including, "depositions, documents . . . . affidavits or declarations, stipulations . . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. Rule 56(c); Compare to Guam R. Civ. P. Rule 56.

When ruling on a motion for summary judgment, the court is limited to considering admissible evidence. Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility . . . .[while] unauthenticated documents cannot be considered in a motion for summary judgment." Id. The Federal Rules of Evidence provide a list of self-authenticating documents, which "require no

extrinsic evidence of authenticity in order to be admitted," including, "domestic public documents that are sealed and signed." FRE Rule 902; Compare to 6 GCA § 4221. The Guam code further provides, "a deed of conveyance of real property . . . . in pursuance of any law authorizing such transfer of land, acknowledged and recorded in the Department of Land Management . . . . is prima facie evidence that the property or interest therein was thereby conveyed." 6 GCA § 4226.

### C. There Exist Genuine Issues of Material Fact

Therefore, the evidence of the conveyance between the deceased, John T. Blas, and Rita B. Carbullido, must be considered as evidence that the Joint Tenancy was severed. The evidence, then viewed in the light most favorable to the Estate, leads the Court to conclude that a rational and reasonable jury could render a verdict in his favor. Therefore, genuine issues of material fact exist as to the ownership status of the condominium, and Defendant is not entitled to a decision as a matter of law on this issue. Defendant recognized the previously unforeseen deed was a fatal blow to his claims of Joint Tenancy with Right of Survivorship, and concedes that a Tenancy in Common was created. (Reply, August 19, 2020).

### CONCLUSION

Based on the foregoing, Defendant Krusee's Motion for Partial Summary Judgment is **DENIED**.

Further Proceedings Hearing: November 5, 2020 9:30am via Teleconference.

**Teleconference Number: 969-7000    Meeting Id.: 115-6384-5417**

**SO ORDERED** this ___10/8/2020___ .

...JICE VIA E-MAIL
ιcknowledge that an electronic
· py of the original was e-mailed to:
_Anthony Camacho_
_Gumataotao_
Date: _10/8/_ time: _2.0_
_Carbullido_
Deputy Clerk, Superior Court of Guam

**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam

CV0108-19, Carbullido v. Krusee

Decision and Order (Motion for Partial Summary Judgment).